IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| INDUSTRIAL PRINT TECHNOLOGIES LLC, | : <br> : <br> : <br> : |
| Plaintiff / <br> Counterclaim Defendant, | : Civil Action No. 2:14-cv-00019 <br> : <br> : |
| v. | : U.S. District Judge James Rodney Gilstrap <br> : |
| CANON U.S.A., INC., and <br> CANON SOLUTIONS AMERICA, INC., | : JURY TRIAL DEMANDED <br> : |
| Defendants / <br> Counterclaimants. | : <br> : <br> : |

**CANON U.S.A., INC. AND CANON SOLUTIONS AMERICA, INC.'S
ANSWER TO PLAINTIFF'S AMENDED COMPLAINT,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant Canon U.S.A., Inc. ("Canon U.S.A.") and Defendant Canon Solutions America, Inc. ("CSA") (collectively, "Defendants") file this Answer and Affirmative Defenses to the Amended Complaint [Doc. No. 23] ("Complaint") filed by Plaintiff Industrial Print Technologies, LLC ("IPT") on April 17, 2014.  Additionally, Defendants, as counterclaimants under Rule 13 of the Federal Rules of Civil Procedure, re-state their Counterclaims against IPT.

Defendants plead as follows:

# ANSWER

## As to "Nature of Action"

In response to the unnumbered paragraph in the Complaint that appears under the heading "NATURE OF ACTION," Defendants state:  The allegation that this is an action for patent infringement pursuant to 35 U.S.C. § 271 is a legal conclusion to which no response is required. Defendants, however, do not dispute at this time that this is an action alleging patent infringement pursuant to 35 U.S.C. § 271.  Defendants admit that CSA is a subsidiary of Canon U.S.A. and that Defendants are involved in the sale of certain high-speed industrial-sized inkjet printing presses in that Canon U.S.A., a subsidiary of Canon Inc., as a licensee, by virtue of the December 31, 2005 license agreement between Canon Inc. and Tesseron Ltd., and as a title-holder to those printing presses, imports them and receives them into the United States and subsequently transfers possession of its title to those printing presses to CSA for purposes of completion of their sale.  Defendants specifically deny that any of the inkjet printing presses that are the subject of IPT's allegations embody systems and methods that infringe any valid, enforceable claims of the asserted patents.  Defendants lack sufficient knowledge or information to form a belief as to the truth of any and all other allegations in this Paragraph of the Complaint and therefore deny them; and Defendants otherwise deny any and all other allegations in this Paragraph of the Complaint.

## As to "The Parties"

1.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and therefore deny them.

2.     Defendants deny the allegations of this paragraph as stated, that Canon U.S.A. is a corporation incorporated under the laws of New York with its principal place of business at One Canon Plaza; Lake Success, New York 11042.  Defendants admit that Canon U.S.A. is registered to do business in Texas and has a designated registered agent in Texas for purposes of service of process.  Defendants admit that Canon U.S.A. owns a subsidiary, CSA, and that CSA conducts business in Texas and elsewhere in the United States and that CSA may have conducted, but has not necessarily conducted, limited business in this District.  Defendants deny that they have specifically used, promoted, offered to sell, sold, and/or imported the allegedly-infringing products in this District.  Defendants deny any and all other allegations in Paragraph 2 of the Complaint as stated.

3.     Defendants deny the allegations of this paragraph as stated, that CSA is a New York corporation with its principal place of business at 4 Ohio Drive; Lake Success, New York 11042.  Defendants admit the remaining allegations of Paragraph 3.

4.     The allegations of Paragraph 4 of the Complaint are legal conclusions to which no response is required.   Defendants, however, specifically deny any and all allegations in Paragraph 4 of the Complaint.

**As to "Jurisdiction and Venue"**

5.     The allegations of Paragraph 5 of the Complaint are legal conclusions to which no response is required.   Defendants, however, do not dispute at this time the allegations of Paragraph 5 of the Complaint.

6.     The jurisdictional allegations of Paragraph 6 of the Complaint are legal conclusions to which no response is required.  To the extent a further response is required,

however, Defendants admit that Canon U.S.A. owns a subsidiary, CSA, and that CSA conducts business in Texas and elsewhere in the United States and that CSA may have conducted, but has not necessarily conducted, limited business in this District.  Defendants deny that they have specifically used, promoted, offered to sell, sold, and/or imported the allegedly-infringing products in this District.  Defendants deny any and all other allegations in Paragraph 6 of the Complaint.  Defendants specifically deny having committed acts of infringement within this District or elsewhere.

7.     The jurisdictional allegations of Paragraph 7 of the Complaint are legal conclusions to which no response is required.  To the extent a further response is required, however, Defendants admit that Canon U.S.A. owns a subsidiary, CSA, and that CSA conducts business in Texas and elsewhere in the United States and that CSA may have conducted, but has not necessarily conducted, limited business in this District.  Defendants deny that they have specifically used, promoted, offered to sell, sold, and/or imported the allegedly-infringing products in this District.  Defendants admit that Defendants are involved in the sale of certain high-speed industrial-sized inkjet printing presses in that Canon U.S.A., a subsidiary of Canon Inc., as a licensee, by virtue of a sublicense granted by Canon Inc. to Defendant Canon U.S.A. pursuant to the December 31, 2005 license agreement between Canon Inc. and Tesseron Ltd., and as a title-holder to those printing presses, imports them and receives them into the United States and subsequently transfers possession of its title to those printing presses to CSA for purposes of completion of their sale.  Defendants deny any and all other allegations in Paragraph 7 of the Complaint.

8.     The jurisdictional allegations of Paragraph 8 of the Complaint are legal conclusions to which no response is required.  To the extent a further response is required,

however, Defendants admit that CSA conducts business in Texas and elsewhere in the United States and that CSA may have conducted, but has not necessarily conducted, limited business in this District.  Defendants deny that CSA has specifically used, promoted, offered to sell, sold, and/or imported the allegedly-infringing products in this District.  Defendants admit that Defendants are involved in the sale of certain high-speed industrial-sized inkjet printing presses in that Canon U.S.A., a subsidiary of Canon Inc., as a licensee, by virtue of the December 31, 2005 license agreement between Canon Inc. and Tesseron Ltd., and as a title-holder to those printing presses, imports them and receives them into the United States and subsequently transfers possession of its title to those printing presses to CSA for purposes of completion of their sale.  Defendants admit that CSA maintains sales offices in Nacogdoches, Texas, and Beaumont, Texas, for certain products, but Defendants deny that those offices use, promote, offer to sell, sell, and/or import the allegedly-infringing products.  Defendants deny any and all other allegations in Paragraph 8 of the Complaint.

9.     The venue and jurisdictional allegations of Paragraph 9 of the Complaint are legal conclusions to which no response is required.  To the extent a further response is required, however, Defendants incorporate their responses to Paragraphs 6, 7, and 8 of the Complaint as if fully set forth herein.  Defendants specifically deny having committed acts of infringement within this District or elsewhere.

**As to "First Cause of Action – Infringement of '195 Patent"**

10.     Paragraph 10 of the Complaint contains no allegations requiring an answer.  By way of further response, Defendants incorporate by reference their answers to the allegations contained in Paragraphs 1 through 9 of the Complaint as if fully set forth herein.

11.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and therefore deny them.

12.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and therefore deny them.

13.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint and therefore deny them.

14.     Defendants admit that Canon U.S.A. owns a subsidiary, CSA, and that Defendant Canon U.S.A. imports and sells certain high-speed industrial-sized inkjet printing presses, including the presses that are specifically named in Paragraph 14 of the Complaint, in that Canon U.S.A., a subsidiary of Canon Inc., as a licensee, by virtue of a sublicense granted by Canon Inc. to Defendant Canon U.S.A. pursuant to the December 31, 2005 license agreement between Canon Inc. and Tesseron Ltd., and as a title-holder to those printing presses, imports them and receives them into the United States and subsequently transfers possession of its title to those printing presses to CSA for purposes of completion of their sale.  Defendants deny any and all other allegations in Paragraph 14 of the Complaint.  Defendants specifically deny having committed acts of infringement within this District or elsewhere.

15.     Defendants deny that all, and/or all parts, of the Océ Inkjet Printing Presses as that term is defined by the Plaintiff were developed by, and/or based on technology from, Océ Holding B.V., formerly known as Océ N.V.  Defendants admit the remaining allegations of Paragraph 15 of the Complaint except that Defendants state that the allegation that CSA is a successor in interest to Océ North America, Inc. is a legal conclusion to which no response is required.

16.     Defendants deny the allegations of Paragraph 16 of the Complaint.

17.     The allegations of Paragraph 17 of the Complaint relating to the existence of, and scope and/or extension of, any license granted to Canon Inc., and the allegations of Paragraph 17 of the Complaint relating to constructive knowledge, are legal conclusions to which no response is required.  To the extent a further response is required, however, Defendants state: Defendant Canon U.S.A., a subsidiary of Canon Inc., by virtue of a sublicense granted by Canon Inc. to Defendant Canon U.S.A. pursuant to the December 31, 2005 license agreement between Canon Inc. and Tesseron Ltd., is licensed as to any products, devices, apparatus, and systems, etc. defined as Licensed Products under that license agreement, which allegedly include the printing presses described in Paragraph 17 of the Complaint; and any sales or offers to sell by Defendant CSA of the printing presses described in Paragraph 17 of the Complaint that were purchased from Defendant Canon U.S.A. are subsequently licensed and/or subject to patent exhaustion. Defendants deny any and all other allegations in Paragraph 17 of the Complaint as stated. Defendants specifically deny having committed acts of infringement within this District or elsewhere and specifically deny having done so with knowledge, deliberate indifference, and/or willful blindness.

18.     The allegations of Paragraph 18 of the Complaint relating to the existence of, and scope and/or extension of, any license granted to Canon Inc. are legal conclusions to which no response is required.  To the extent a further response is required, however, Defendants state: Defendant Canon U.S.A., a subsidiary of Canon Inc., by virtue of a sublicense granted by Canon Inc. to Defendant Canon U.S.A. pursuant to the December 31, 2005 license agreement between Canon Inc. and Tesseron Ltd., is licensed to sell any products, devices, apparatus, and systems, etc. defined as Licensed Products under that license agreement, which allegedly include the Océ

Inkjet Printing Presses, as defined in the Complaint; and any sales or offers to sell by Defendant CSA of the printing presses described in Paragraph 18 of the Complaint that were purchased from Defendant Canon U.S.A. are subsequently licensed and/or subject to patent exhaustion. Defendants deny any and all other allegations in Paragraph 18 of the Complaint as stated.

19.     Defendants deny the allegations of Paragraph 19 of the Complaint.

20.     Defendants deny the allegations of Paragraph 20 of the Complaint.

21.     Defendants deny the allegations of Paragraph 21 of the Complaint.

**As to "Second Cause of Action – Infringement of '946 Patent"**

22.     Paragraph 22 of the Complaint contains no allegations requiring an answer.  By way of further response, Defendants incorporate by reference their answers to the allegations contained in Paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint and therefore deny them.

24.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint and therefore deny them.

25.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint and therefore deny them.

26.     Defendants admit that Canon U.S.A. owns a subsidiary, CSA, and that Defendant Canon U.S.A. imports and sells certain high-speed industrial-sized inkjet printing presses, including the presses that are specifically named in Paragraph 26 of the Complaint, in that Canon U.S.A., as a licensee and as a title-holder to those printing presses, imports them and receives them into the United States and subsequently transfers possession of its title to those printing

presses to CSA for purposes of completion of their sale.  Defendants deny any and all other allegations in Paragraph 26 of the Complaint.  Defendants specifically deny having committed acts of infringement within this District or elsewhere.

27.     Defendants deny the allegations of Paragraph 27 of the Complaint.

28.     The allegations of Paragraph 28 of the Complaint relating to the existence of, and scope and/or extension of, any license granted to Canon Inc. and the allegations of Paragraph 28 of the Complaint relating to constructive knowledge, are legal conclusions to which no response is required.  To the extent a further response is required, however, Defendants state: Defendant Canon U.S.A., a subsidiary of Canon Inc., by virtue of a sublicense granted by Canon Inc. to Defendant Canon U.S.A. pursuant to the December 31, 2005 license agreement between Canon Inc. and Tesseron Ltd., is licensed as to any products, devices, apparatus, and systems, etc. defined as Licensed Products under that license agreement, which allegedly include the printing presses described in Paragraph 28 of the Complaint; and any sales or offers to sell by Defendant CSA of the printing presses described in Paragraph 28 of the Complaint that were purchased from Defendant Canon U.S.A. are subsequently licensed and/or subject to patent exhaustion. Defendants deny any and all other allegations in Paragraph 28 of the Complaint as stated. Defendants specifically deny having committed acts of infringement within this District or elsewhere and specifically deny having done so with knowledge, deliberate indifference, and/or willful blindness.

29.     The allegations of Paragraph 29 of the Complaint relating to the existence of, and scope and/or extension of, any license granted to Canon Inc. are legal conclusions to which no response is required.  To the extent a further response is required, however, Defendants state: Defendant Canon U.S.A., a subsidiary of Canon Inc., by virtue of a sublicense granted by Canon

Inc. to Defendant Canon U.S.A. pursuant to the December 31, 2005 license agreement between Canon Inc. and Tesseron Ltd., is licensed to sell any products, devices, apparatus, and systems, etc. defined as Licensed Products under that license agreement, which allegedly include the Océ Inkjet Printing Presses, as defined in the Complaint; and any sales or offers to sell by Defendant CSA of the printing presses described in Paragraph 29 of the Complaint that were purchased from Defendant Canon U.S.A. are subsequently licensed and/or subject to patent exhaustion. Defendants deny any and all other allegations in Paragraph 29 of the Complaint as stated.

30.     Defendants deny the allegations of Paragraph 30 of the Complaint.

31.     Defendants deny the allegations of Paragraph 31 of the Complaint.

32.     Defendants deny the allegations of Paragraph 32 of the Complaint.

**As to "Third Cause of Action – Infringement of '106 Patent"**

33.     Paragraph 33 of the Complaint contains no allegations requiring an answer.  By way of further response, Defendants incorporate by reference their answers to the allegations contained in Paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint and therefore deny them.

35.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint and therefore deny them.

36.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint and therefore deny them.

37.     Defendants admit that Canon U.S.A. owns a subsidiary, CSA, and that Defendant Canon U.S.A. imports and sells certain high-speed industrial-sized inkjet printing presses,

including the presses that are specifically named in Paragraph 37 of the Complaint, in that Canon

U.S.A., a subsidiary of Canon Inc., as a licensee, by virtue of a sublicense granted by Canon Inc.

to Defendant Canon U.S.A. pursuant to the December 31, 2005 license agreement between

Canon Inc. and Tesseron Ltd., and as a title-holder to those printing presses, imports them and

receives them into the United States and subsequently transfers possession of its title to those

printing presses to CSA for purposes of completion of their sale.  Defendants deny any and all

other allegations in Paragraph 37 of the Complaint.  Defendants specifically deny having

committed acts of infringement within this District or elsewhere.

38.     Defendants deny the allegations of Paragraph 38 of the Complaint.

39.     The allegations of Paragraph 39 of the Complaint relating to the existence of, and

scope and/or extension of, any license granted to Canon Inc. and the allegations of Paragraph 39

of the Complaint relating to constructive knowledge, are legal conclusions to which no response

is required.  To the extent a further response is required, however, Defendants state: Defendant

Canon U.S.A., a subsidiary of Canon Inc., is, by virtue of a sublicense granted by Canon Inc. to

Defendant Canon U.S.A. pursuant to the December 31, 2005 license agreement between Canon

Inc. and Tesseron Ltd., is licensed as to any products, devices, apparatus, and systems, etc.

defined as Licensed Products under that license agreement, which allegedly include the printing

presses described in Paragraph 31 of the Complaint; and any sales or offers to sell by Defendant

CSA of the printing presses described in Paragraph 39 of the Complaint that were purchased

from Defendant Canon U.S.A. are subsequently licensed and/or subject to patent exhaustion.

Defendants deny any and all other allegations in Paragraph 39 of the Complaint as stated.

Defendants specifically deny having committed acts of infringement within this District or

elsewhere and specifically deny having done so with knowledge, deliberate indifference, and/or willful blindness.

40.     The allegations of Paragraph 40 of the Complaint relating to the existence of, and scope and/or extension of, any license granted to Canon Inc. are legal conclusions to which no response is required.   To the extent a further response is required, however, Defendants state: Defendant Canon U.S.A., a subsidiary of Canon Inc., by virtue of a sublicense granted by Canon Inc. to Defendant Canon U.S.A. pursuant to the December 31, 2005 license agreement between Canon Inc. and Tesseron Ltd., is licensed to sell any products, devices, apparatus, and systems, etc. defined as Licensed Products under that license agreement, which allegedly include the Océ Inkjet Printing Presses, as defined in the Complaint; and any sales or offers to sell by Defendant CSA of the printing presses described in Paragraph 40 of the Complaint that were purchased from Defendant Canon U.S.A. are subsequently licensed and/or subject to patent exhaustion. Defendants deny any and all other allegations in Paragraph 40 of the Complaint as stated.

41.     Defendants deny the allegations of Paragraph 41 of the Complaint.

42.     Defendants deny the allegations of Paragraph 42 of the Complaint.

43.     Defendants deny the allegations of Paragraph 43 of the Complaint.

### As to "Prayer for Relief"

The allegations contained in the Prayer for Relief require no response, but to the extent that the Prayer for Relief contains additional allegations or otherwise requires a response, Defendants deny all allegations contained in the Prayer for Relief.  Defendants specifically deny that IPT is entitled to any of the relief requested from or against Defendants.   Defendants respectfully request that the Court enter judgment against IPT, and in Defendants' favor, on each

and every claim asserted in IPT's Complaint; and that Defendants additionally be granted recovery of their costs and attorneys' fees in this litigation and any such other relief as the Court may deem appropriate and just.

### As to "Jury Demand"

To the extent that IPT's Jury Demand requires a response, Defendants state that, should any of IPT's claims proceed to trial, Defendants demand a trial by jury of all issues so triable.

### As to "Reservation of Rights"

To the extent that IPT's Reservation of Rights requires a response, Defendants object to, and deny that IPT has the right to, reserve any rights to amend and/or supplement that differ from, or go beyond, those established by the Federal Rules of Civil Procedure, applicable local rules, orders of this Court, and/or principles of equity and fair notice.

## <u>AFFIRMATIVE DEFENSES</u>

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

IPT's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (License)

Any claim by IPT that Defendants have infringed the '195, '946, and/or '106 patents, and/or for damages related thereto, is barred, in whole or in part, because Defendant Canon U.S.A., a subsidiary of Canon Inc., by virtue of a sublicense granted by Canon Inc. to Defendant Canon U.S.A. pursuant to the December 31, 2005 license agreement between Canon Inc. and Tesseron Ltd., possesses a valid license and/or licenses for those patents, either directly or through parent entities, affiliates, or other entities to which it is related, and any sales or offers to

sell by Defendant CSA of the accused printing presses that were purchased from Defendant Canon U.S.A. are subsequently licensed and/or subject to patent exhaustion.

### THIRD AFFIRMATIVE DEFENSE
### (Patent Exhaustion)

Any claim by IPT that Defendant CSA has infringed the '195, '946, and/or '106 patents, and/or for damages related thereto, is barred, in whole or in part, because Defendant CSA purchases the accused printing presses from Defendant Canon U.S.A., and Defendant Canon U.S.A., a subsidiary of Canon Inc., by virtue of a sublicense granted by Canon Inc. to Defendant Canon U.S.A. pursuant to the December 31, 2005 license agreement between Canon Inc. and Tesseron Ltd., possesses a valid license and/or licenses for those patents, either directly or through parent entities, affiliates, or other entities to which it is related, that allows Defendant Canon U.S.A. to sell and offer to sell the accused printing presses, and thus a sale of the accused printing presses from Defendant Canon U.S.A. to Defendant CSA exhausts any patent rights in the accused printing presses.

### FOURTH AFFIRMATIVE DEFENSE
### (Failure to Join a Necessary Party)

Any claim by IPT that Defendants have infringed the '195, '946, and/or '106 patents, and/or for damages related thereto, is barred, in whole or in part, because IPT's Complaint does not include one or more necessary parties, including but not limited to Mr. Forrest P. Gauthier.

### FIFTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

Any claim by IPT that Defendants have infringed the '195, '946, and/or '106 patents, and/or for damages related thereto, is barred, in whole or in part, because the license granted to

IPT is insufficient to provide IPT with standing to bring its claims against Defendants and/or because IPT otherwise lacks standing to bring its claims against Defendants.

## SIXTH AFFIRMATIVE DEFENSE
### (Improper Venue and/or Inconvenient Forum)

Any claim by IPT that Defendants have infringed the '195, '946, and/or '106 patents, and/or for damages related thereto, is barred, in whole or in part, because venue in this district is improper and/or this district is an inconvenient forum as to these Defendants.

## SEVENTH AFFIRMATIVE DEFENSE
### (Noninfringement of the '195 Patent)

Defendants have not directly or indirectly infringed any valid, properly-construed, and enforceable claim of the '195 patent, nor are Defendants currently doing so, either literally or under the doctrine of equivalents.

## EIGHTH AFFIRMATIVE DEFENSE
### (Noninfringement of the '946 Patent)

Defendants have not directly or indirectly infringed any valid, properly-construed, and enforceable claim of the '946 patent, nor are Defendants currently doing so, either literally or under the doctrine of equivalents.

## NINTH AFFIRMATIVE DEFENSE
### (Noninfringement of the '106 Patent)

Defendants have not directly or indirectly infringed any valid, properly-construed, and enforceable claim of the '106 patent, nor are Defendants currently doing so, either literally or under the doctrine of equivalents.

### TENTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

Any claim by IPT that the claims of the '195, '946, and/or '106 patents cover and include the products or acts of Defendants is barred by the doctrine of prosecution history estoppel or otherwise by virtue of admissions, amendments, arguments, representations, and/or misrepresentations made to the United States Patent and Trademark Office during the prosecution of the applications from which the '195, '946, and/or '106 patents issued.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Laches)

Any claim by IPT that Defendants have infringed the '195, '946, and/or '106 patents, and/or for damages related thereto, is barred, in whole or in part, by the doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE
### (35 U.S.C. § 286)

IPT is barred from recovering damages, in whole or in part, for all events occurring more than six years prior to the date of the filing of its Complaint under 35 U.S.C. § 286.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

Any claim by IPT that Defendants have infringed the '195, '946, and/or '106 patents, and/or for damages related thereto, is barred, in whole or in part, by the doctrines of waiver and estoppel.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Marketing and Notice)

IPT is barred from recovering damages, in whole or in part, by the failure of IPT and/or its licensees and/or its licensors to mark products as required by 35 U.S.C. § 287.  IPT is thus

barred from recovering damages, in whole or in part, for activities alleged to have occurred before IPT and/or its licensees and/or its licensors provided, or provides, actual notice of the asserted patents and the specific activities and/or products alleged to have infringed the asserted patents.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Any claim by IPT that Defendants have infringed the '195, '946, and/or '106 patents, and/or for damages related thereto, is barred, in whole or in part, by the doctrine of unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

Defendants have not willfully infringed any properly-construed, valid, and enforceable claim of the '195, '946, and/or '106 patents.  IPT is thus barred, in whole or in part, from seeking enhanced damages and/or attorneys' fees.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (No Irreparable Harm)

IPT has not suffered any irreparable harm and/or circumstances do not otherwise provide a basis for seeking injunctive relief.  IPT is thus barred, in whole or in part, from seeking any injunctive relief.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (35 U.S.C. § 285)

Any claim by IPT that Defendants have infringed the '195, '946, and/or '106 patents, and/or for damages related thereto, is barred, in whole or in part, because it is, and/or may become, objectively baseless and/or brought in subjective bad faith and/or is, or may become,

otherwise sanctionable under 35 U.S.C. § 285.   Defendants reserve all rights to pursue an exceptional case finding and recovery of their costs and attorneys' fees in this case.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Reservation of Additional Defenses)**

Defendants reserve all affirmative defenses and/or other defenses under the Federal Rules of Civil Procedure, the Patent Laws, and any other defenses at law or in equity that may exist and be applicable, and/or become applicable in the future, based upon facts learned in discovery and/or otherwise.

**<u>COUNTERCLAIMS</u>**

In connection with the filing of their Answer and Affirmative Defenses to the Amended Complaint [Doc. No. 23] ("Complaint") filed by Plaintiff Industrial Print Technologies, LLC ("IPT") on April 17, 2014 and docketed at No. 2:14-cv-00019, Defendants Canon U.S.A., Inc. ("Canon U.S.A.") and Canon Solutions America, Inc. ("CSA") (collectively, "Defendants"), as counterclaimants under Rule 13 of the Federal Rules of Civil Procedure, re-state these Counterclaims against IPT.

Defendants plead as follows:

**PARTIES**

1.     Counterclaimant Canon U.S.A. is a named defendant in the Complaint filed by IPT.

2.     Counterclaimant CSA is a named defendant in the Complaint filed by IPT.

- 18 -

3.      Counterclaim Defendant IPT is, as pled by IPT in its Complaint, a corporation organized and existing under the laws of the State of Texas.  IPT purports to be "in the business of licensing patented technology owned by Mr. Forrest P. Gauthier."  IPT also purports to own "an exclusive license to all substantial rights under" United States Patent No. 6,027,195 ("the '195 patent"), United States Patent No. 6,145,946 ("the '946 patent"), and United States Patent No. 6,493,106 ("the '106 patent").

### JURISDICTION AND VENUE

4.      These Counterclaims arise under Federal Law, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, and the Patent Laws of the United States, 35 U.S.C. §§ 271, *et seq.*

5.      Although Defendants do not waive any challenges to venue as to the claims that IPT has asserted against Defendants, and although Defendants do not waive any challenges to or otherwise concede the convenience of the present forum, venue is proper for these Counterclaims under at least 28 U.S.C. §§ 1391, 1400(b).

6.      An actual controversy exists between the parties.  IPT's Complaint alleges that Defendants infringe the '195 patent, the '946 patent, and the '106 patent.  Defendants deny IPT's allegations that they directly or indirectly infringe any properly-construed, valid, enforceable claim of these patents, either literally or under the doctrine of equivalents.

### FIRST COUNTERCLAIM
#### (Declaratory Judgment of Non-infringement of the '195 Patent)

7.      Defendants repeat and re-allege all other Paragraphs of their Counterclaims as if fully set for the herein.

8.      Defendants have not infringed, and do not infringe, directly or indirectly, any properly-construed, valid, enforceable claim of the '195 patent, either literally or under the doctrine of equivalents.

9.      Defendants are therefore entitled to a declaratory judgment that they do not infringe any properly-construed, valid, enforceable claim of the '195 patent.

### SECOND COUNTERCLAIM
### (Declaratory Judgment of Non-infringement of the '946 Patent)

10.      Defendants repeat and re-allege all other Paragraphs of their Counterclaims as if fully set for the herein.

11.      Defendants have not infringed, and do not infringe, directly or indirectly, any properly-construed, valid, enforceable claim of the '946 patent, either literally or under the doctrine of equivalents.

12.      Defendants are therefore entitled to a declaratory judgment that they do not infringe any properly-construed, valid, enforceable claim of the '946 patent

### THIRD COUNTERCLAIM
### (Declaratory Judgment of Non-infringement of the '106 Patent)

13.      Defendants repeat and re-allege all other Paragraphs of their Counterclaims as if fully set for the herein.

14.      Defendants have not infringed, and do not infringe, directly or indirectly, any properly-construed, valid, enforceable claim of the '106 patent, either literally or under the doctrine of equivalents.

15.      Defendants are therefore entitled to a declaratory judgment that they do not infringe any properly-construed, valid, enforceable claim of the '106 patent

**PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor, and against IPT, and grant the following relief:

a.  A declaration that Canon U.S.A. and CSA do not infringe any properly-construed, valid, and enforceable claim of the '195 patent;

b.  A declaration that Canon U.S.A. and CSA do not infringe any properly-construed, valid, and enforceable claim of the '946 patent;

c.  A declaration that Canon U.S.A. and CSA do not infringe any properly-construed, valid, and enforceable claim of the '106 patent;

d.  Recovery by Canon U.S.A. and CSA of their costs and attorneys' fees in this litigation and any such other relief as the Court may deem appropriate and just.

**JURY DEMAND**

Defendants demand a trial by jury of all issues so triable.

Respectfully submitted,

DATED:  May 5, 2014

/s/  Barry J. Coyne
Frederick H. Colen (PA 21833), *pro hac vice*
Barry J. Coyne  (PA 77007), *pro hac vice*
Thomas M. Pohl (PA 208080), *pro hac vice*
REED SMITH LLP
Reed Smith Centre, 225 Fifth Avenue
Pittsburgh, PA  15222
Telephone:   (412) 288-3131
Facsimile:    (412) 288-3063
Email:         fcolen@reedsmith.com
                     bcoyne@reedsmith.com
                     tpohl@reedsmith.com

Clyde M. Siebman (Texas Bar No. 18341600)
SIEBMAN, BURG, PHILLIPS & SMITH, LLP
Federal Courthouse Square
300 North Travis Street
Sherman, TX 75090
Telephone:   (903) 870-0070
Facsimile:    (903) 870-0066
Email:         clydesiebman@siebman.com

*Counsel for Defendants / Counterclaimants*
*Canon U.S.A., Inc. and*
*Canon Solutions America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 5, 2014, a true and correct copy of the foregoing **Canon U.S.A., Inc. and Canon Solutions America, Inc.'s Answer to Plaintiff's Amended Complaint, Affirmative Defenses, and Counterclaims** was filed electronically via this Court's Electronic Cases Files system.  The following counsel of record were served via that system:

| | | |
|---|---|---|
| Timothy P. Maloney, Esq. | Steven C. Schroer, Esq. | T. John Ward, Jr., Esq. |
| Alison A. Richards, Esq. | FITCH, EVEN, TABIN & | Wesley Hill, Esq. |
| Nicole L Little, Esq. | FLANNERY | WARD & SMITH LAW |
| David A. Gosse, Esq. | 1942 Broadway, Suite 213 | FIRM |
| FITCH, EVEN, TABIN & | Boulder, CO 80302 | P.O. Box 1231 |
| FLANNERY | | Longview, TX 75606- |
| 120 South LaSalle Street, | | 1231 |
| Suite 1600 | | |
| Chicago, IL 60603 | | |

*Counsel for Plaintiff Industrial Print Technologies LLC*

*/s/ Barry J. Coyne*
Barry J. Coyne

*Counsel for Defendants / Counterclaimants*
*Canon U.S.A., Inc. and*
*Canon Solutions America, Inc.*